# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**UNITED STATES OF AMERICA**       )
                                   )
                                   )
v.                                 )   Criminal No. 13-231-1 (ESH)
                                   )
**HERMAN CURTIS MALONE,**          )
                                   )
            **Defendant.**         )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant Herman Curtis Malone, along with others, has been charged with conspiracy to distribute and possession with intent to distribute one hundred grams or more of heroin and five hundred grams or more of cocaine in violation of 21 U.S.C. § 846, a crime punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on August 14, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Aug. 16, 2013 [ECF No. 6].) At the conclusion of the hearing, Magistrate Judge Kay held the defendant pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 4.) Malone thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Appeal from Order of Detention ("Appeal"), Aug. 18, 2013 [ECF No. 8]; Memorandum in Opposition ("Opp."), Aug. 30, 2013 [ECF No. 20].) Malone then filed twelve letters from members of the community in support of his appeal. (Supplemental Letters ("Supp. Letters"), Sept. 12, 2013 [ECF No. 30].)

The Court held a hearing on the motion on September 20, 2013. Following that hearing, the Court requested further briefing and argument. Mr. Malone's counsel filed a Supplemental Submission in Support of his Motion to Vacate ("Supp. Mot."), Oct. 3, 2013 [ECF No. 33], and

the government filed a Supplemental Memorandum in Opposition ("Supp. Opp."), Oct. 7, 2013 [ECF No. 37]. The Court heard further argument on October 9, 2013. For the reasons stated in open court, as well as for the reasons set forth herein, the Court will deny this motion.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the

Magistrate Judge that the government has met its burden and that defendant Malone has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor continued detention. The grand jury found that there is probable cause to believe that Mr. Malone was a member of a conspiracy to distribute and possession with intent to distribute cocaine and heroin, in violation of the Controlled Substance Act, which is punishable by ten years to life. *See* 21 U.S.C. §§ 841, 846. The government proffered that Mr. Malone was not just a part of this conspiracy, but was a principal by virtue of his role as a large-scale narcotics supplier.

The evidence also shows that large quantities of drugs and guns were involved in this conspiracy. (Det. Mem. at 3; Supp. Opp. at 5-6.) For instance, a kilogram of cocaine, one hundred grams of heroin, a loaded, .40 caliber semi-automatic handgun, additional .40 caliber ammunition, and three digital scales (a tool regularly used in the narcotics trade) were found in Mr. Malone's Maryland home.[1] (Det. Mem. at 2.) The problematic nature and circumstances of the offense are further magnified by the fact that Mr. Malone works with children and youth in the community through his basketball program (Assault DC), but it appears that Mr. Malone permitted co-defendant Stephen Williams to bring his minor child to a drug transaction. (*Id.*)

*Second*, the weight of the evidence strongly favors continued detention. On June 4, 2013, co-defendant and co-conspirator Derico Williams was found with a compressed brick of cocaine less than one hour after he stopped at Mr. Malone's home. (*See* Supp. Opp. 10-13.) On August 9, 2013, law enforcement stopped Mr. Stephen Williams, a second co-defendant and alleged co-conspirator, after leaving Mr. Malone's home with a black bag. (Det. Mem. at 2) The black bag contained one kilogram of cocaine wrapped in green cellophane. (*Id.*) That same night, law

---

[1] In addition to the items found in Mr. Malone's home, weapons were found in an apartment frequented by co-defendant Stephen Williams (*see* Opp. at 4, n.2) and the vehicle of co-defendant Bidgell (*see* Supp. Opp. at 6.), which further illustrates the violent nature of the conspiracy.

3

enforcement executed a search warrant at Malone's residence where they found an identically wrapped kilogram of cocaine, additional narcotics, a loaded handgun, and additional tools of the narcotics trade. (*Id.*)

The government's proffer illustrates that these were not isolated incidents. On the contrary, cooperating sources indicate that Mr. Malone supplied large quantities of cocaine dating back to 2009. (Supp. Opp. at 7.) There is also evidence that Mr. Malone supplied drugs to co-defendant and alleged co-conspirator Micah Bidgell whose car was found with additional weapons. (*Id.* at 6-10.) Finally, the government has proffered that it has extensive wiretaps confirming Malone's participation in narcotics activities. (*See id.* at 14-16.)

*Third*, defendant represents a potential danger to the community and therefore continued detention is appropriate. Malone has been indicted as a member of a large-scale narcotics conspiracy, which constitutes a serious threat to the community. (Det. Mem. at 4.) The Court agrees with Magistrate Judge Kay that "given the daily violence and shooting that occurs in the District of Columbia as a result of drug trafficking, the combination of sufficient quantities of drugs to engage in large-scale sales and the presence of a weapon and ammunition at []his home is sufficient to find that Defendant Malone poses a danger to the community." (*Id.*) In addition to Mr. Malone's role as a supplier of narcotics who illegally possessed a weapon, Mr. Malone's surveillance consciousness further renders him a continuing potential danger to the community absent incarceration. (*See* Supp. Opp. at 16-20.) The government proffers that "Malone's surveillance consciousness was evident throughout the DEA's investigation," and Mr. Malone was able to hide his narcotics activities from his own family. (*Id.* at 17.)

*Fourth,* while defendant's history and characteristics do not favor his continued detention, they are not sufficient to rebut the statutory presumption. Mr. Malone was convicted

of possession of cocaine with intent to distribute in 1994. (Det. Mem. at 2.) Yet, since that time Mr. Malone has built a strong reputation in the community. This is demonstrated by regular presence of Mr. Malone's supporters in the courtroom, as well as the letters submitted to the Court describing the enormous impact that Mr. Malone and his DC Assault basketball program has had on underprivileged youth in Washington, D.C. (*See* Supp. Letters.) Despite Mr. Malone's work, however, the government has shown more than sufficient evidence that Mr. Malone led a duplicitous existence. His good works and recognition in the community are simply insufficient to rebut the statutory presumption and the overwhelming nature of the other factors that the Court must consider.

Finally, the Court should note that it carefully considered Mr. Malone's request for an alternative to continued incarceration. Specifically, Mr. Malone presented the Court with the option of house arrest with 24/7 digital surveillance provided by a private company. (*See generally* Supp. Mot.) However, the Court is hesitant to permit Mr. Malone—a defendant of means—the opportunity to avoid continued incarceration simply because he is able to pay a private company to do so.[2] Moreover, because Mr. Malone conducted many of his alleged narcotics deals from his home and apparently evaded detection by his own family members, the Court finds the alternative arrangement proposed by Mr. Malone to be inadequate.

Therefore, for the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

**SO ORDERED.**

---

[2] Ms. Trena Brown of Alternative Sentencing Inc. attended the October 9, 2013 hearing and informed the Court that her private monitoring service would cost between $300-$450 per month.

                                                /s/
                                  ELLEN SEGAL HUVELLE
                                  United States District Judge

DATE: October 10, 2013