UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 13-231-01 (ESH) |
| HERMAN CURTIS MALONE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, defendant Herman Curtis Malone has filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to reduce his term of imprisonment due to Amendment 782 to the United States Sentencing Guidelines ("Guidelines"), which retroactively lowered the base offense levels for most drug offenses. (*See* Def.'s Mot. for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (docketed as Retroactivity Prep Documents, Oct. 20, 2015, ECF No. 205).) For the reasons stated herein, the motion is denied.

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin in violation of 21 U.S.C. § 846, and he was sentenced to a 100-month term of imprisonment. (Judgment, June 2, 2014, ECF No. 154.) Under the Guidelines in effect at the time of his sentencing, defendant's base offense level – determined by the quantity of drugs – was 32, his total offense level after adjustments was 31, and his sentencing range was 108-135 months. However, the Court and the parties knew that in the near future there was likely to be a "two-point reduction in the drug guideline," and they agreed that defendant should be sentenced as if that reduction had already

taken place. (*See* Sentencing Tr. at 4, 26-27.) Applying that two-point reduction to his base offense level resulted in a sentencing range of 87-108 months, and the Court used that range in determining defendant's sentence of 100 months. (*Id.* at 27 ("I used the 87 to 108. He receives the benefit of the two-point reduction in the drug quantity . . . .").)

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[1] upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014). "For a sentence to be 'based on' a guideline sentencing range, the guideline range at issue must have been 'a relevant part of the analytic framework used in the district court's sentencing calculus.'" *United States v. Williams*, 953 F. Supp. 2d 68, 72–73 (D.D.C. 2013) (quoting *In re Sealed Case,* 722 F.3d 361, 365–66 (D.C. Cir. 2013) (other internal quotations omitted); *see also United States v. Tepper,* 616 F.3d 583, 586 (D.C. Cir. 2010) (to meet the "based on" requirement, "the guideline calculation at issue must have actually played a role in *determining* that range. It is not enough that a guideline was merely calculated or considered along the way." (emphasis in original)).

Defendant is not eligible for relief under § 3582(c)(2) because his sentence was not "based on a sentencing range that has subsequently been lowered"; rather, it was "based on" the range that would have applied had the two-level reduction in base offense levels already taken

---

[1] Section 994(o) provides that "The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."

2

effect.  Although the Court calculated the sentencing range that would have applied under the Guidelines in effect at the time of sentencing, it expressly stated at sentencing that it was not utilizing that range in determining defendant's sentence.  (*See* Sentencing Tr. at 26-27.)  In addition, defendant agreed on the record at sentencing that he knew this lower sentencing range was being utilized and that he would "not come back when they do finally make this official to ask for a two-point reduction based on the quantity of drugs."  (*Id*. at 27; *see also id*. at 4 (Defense counsel: "For the record, I have spoken to Mr. Malone, and he has authorized me to represent that he will not raise – if there are other statutory issues that arise, he will not raise this two-point issue in the future.  Is that right, Mr. Malone?"  Defendant: "Yes.").)  As defendant was not sentenced based on a sentencing range that has been lowered, he is not eligible for relief under § 3582(c).

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that defendant's motion pursuant to 18 U.S.C. § 3582(c) to reduce his term of imprisonment is **DENIED**.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   October 4, 2017