## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 13-231-01 (ESH)** |
| | ) | |
| **HERMAN CURTIS MALONE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is defendant Herman Curtis Malone's pro se emergency motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Mot., ECF No. 225.)  The

government opposes defendant's motion, arguing that it should be dismissed for failure to

exhaust administrative remedies.  (*See* Opp., ECF No. 227.)  For the reasons stated herein, the

motion is denied without prejudice.

## I.       BACKGROUND

Defendant is presently serving a 100-month sentence, and his current projected release

date is December 5, 2020.  The Baltimore Residential Reentry Management Office previously

designated defendant to move to a residential reentry center in Washington, D.C. on May 21,

2020.  However, once the selected location (Hope Village) ceased operating, he had to wait for a

new designation.  As of today, he has been designated to go to the Volunteers of America in

Baltimore on May 21, 2020, from where he will be placed on home confinement.

## II.      MOTION FOR RELEASE

Section 3582(c)(1)(A) provides that:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion

of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A).

Defendant argues that "extraordinary and compelling reasons warrant" his release because of the COVID-19 pandemic and his "medical condition."  According to defendant, his medical condition includes diabetes, high cholesterol, and the need for two hip replacements.  He acknowledges that he has not complied with the statutory requirement to first ask the Bureau of Prisons to file a motion on his behalf, as the statute requires.  But he argues that the Court should waive this requirement because if he is forced to pursue administrative remedies, the consequent delay in granting him relief could result in his getting sick, and perhaps dying, and also cause additional deaths among those he infects.

The government's opposition urges the Court to treat the statutory exhaustion requirement in § 3582(c)(1)(A) as jurisdictional or, even if it is not jurisdictional, as non-waivable.  In the alternative, it argues that defendant's situation does not justify waiving the requirement.

The government's position conflicts with the position it took in several other cases, including one before the undersigned, that the exhaustion requirement was waivable.  *See* Defendant's Unopposed Emergency Motion for Compassionate Release, *United States v. Powell*. No. 94-cr-0316 (D.D.C. 2020); *see also* Joint Submission Regarding Defendant Ghorbani's Motion for Reduction of Sentence Pursuant to Compassionate Release at 2 n.1, *United States v.*

*Ghorbani*, No. 18-0255 (D.D.C. Apr. 3, 2020) (ECF No. 129).  It has also been rejected by another judge in this district, *see United States v. Jennings*, No. 18-cr-0017, slip. op. at 2-4 (D.D.C. Apr. 22, 2020), and by a number of other courts.  *See, e.g.*, *United States v. Scparta*, No. 18-cr-0578, slip. op. at 8-15 (S.D.N.Y. Apr. 19. 2020) (relying on *United States v. Russo*, No. 16-cr-0441, 2020 WL 1862294, at *2-7 (S.D.N.Y. Apr. 14, 2020)); *see also* Opp. at 15.  While there is contrary authority from outside this district, *see* Opp. at 14-15, given the Court's prior decision in *Powell* and Judge Chutkan's decision in *Jennings*, the Court will not dismiss for lack of jurisdiction or on the ground that the requirement is not waivable, but will proceed to what turns out to be the dispositive question: whether defendant has established a basis for waiving the exhaustion requirement in his case.

Although a single legal standard has yet to emerge for cases arising under the relatively new language in § 3582(c)(1)(A), courts have waived exhaustion in a limited set of circumstances, such as when pursuing administrative remedies would be "futile," *see, e.g.,* Joint Submission Regarding Defendant Ghorbani's Motion for Reduction of Sentence Pursuant to Compassionate Release at 2 n.1, *United States v. Ghorbani*, No. 18-0255 (D.D.C. Apr. 3, 2020) (citing cases), or where "irreparable injury would result unless immediate judicial review is permitted."  *Jennings*, slip op. at 3; *see also*, *e.g.*, *Scparta*, slip op. at 15 (excusing exhaustion because "waiting for [the defendant] to exhaust his remedies would both be futile and cause him irreparable harm"); *see also* Opp. at 15 (citing cases).

The seriousness of the COVID-19 pandemic and the increased risk of potentially life-threatening complications for individuals with certain underlying conditions, including diabetes, is undisputed.  Nonetheless, the present record does not provide a basis for waiving § 3582(c)(1)(A)'s exhaustion requirement.  Exhaustion under § 3582(c)(1)(A) does not require a

defendant to wait for a final decision from the BOP.  Rather, once a defendant submits a request

to the warden of the prison, the maximum time he has to wait before filing a motion in court is

30 days.  As of today, there have been no confirmed cases of COVID-19 among the inmates or

staff at the Fort Dix FCI.[1]  Thus, even though diabetes has been identified as a risk factor for

more serious complications from COVID-19,[2] there is no basis to assume that defendant's risk of

exposure at Fort Dix FCI is any greater than it would be outside of prison.  In addition, defendant

is currently scheduled to be moved from Fort Dix to a residential reentry center in Baltimore on

May 21, 2020, and from there to home confinement.[3]  Accordingly, given the facts now before

the Court, it will not waive the exhaustion requirement in § 3582(c)(1)(A).

       Accordingly, it is hereby

       **ORDERED** that defendant's motion for release is **DENIED WITHOUT PREJUDICE**;

it is further

       **ORDERED** that the Clerk of Court shall mail a copy of this Order to defendant at the

following address:

    Herman Curtis Malone 32862-016
    FCI Fort Dix
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 2000
    JOINT BASE MDL, NJ  08640

---

[1] As of April 27, 2020, there had been 30 confirmed cases of COVID-19 at Fort Dix, but the cases are all at the minimum-security satellite camp not the low security prison, where defendant is, and there is no contact between the inmates in these two locations.

[2] "Diabetes, including type 1, type 2, or gestational, may put people at higher risk of severe illness from COVID-19."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (accessed April 27, 2020).

[3] Even if the Court were to grant his motion for release, it would order that he first complete 14 days of quarantine at his current location, so his earliest release date would not be until May 11, 2020.

The Court will also email a copy of this Order to defendant's case manager at Fort Dix.



ELLEN S. HUVELLE
United States District Judge

Date:   April 27, 2020