UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HERMAN CURTIS MALONE,<br><br>              Defendant. | Crim. Action<br>No. 13-231-01 (EGS) |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

In 2014, Herman Curtis Malone ("Mr. Malone" or "Defendant") was sentenced to serve 100 months in prison, followed by 60 months of supervised release. *See* Judgment, ECF No. 154 at 2-3.[1] He now proceeds *pro se* and seeks early termination of his term of supervised release. *See* Def.'s Mot., ECF No. 235.

Pending before the Court is Mr. Malone's Motion for Reconsideration of its Decision Denying His Motion for Early Termination of Supervised Release, ECF No. 235. Upon careful consideration of the motion, opposition, and reply thereto; the applicable law; and the entire record herein, the Court **DENIES** Mr. Malone's motion.

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

## II. Background

### A. Factual

On March 12, 2014, Mr. Malone pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine and 100 grams or more of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). *See* Plea Agreement, ECF No. 97 at 1. Thereafter, on May 28, 2014, Judge Ellen Segal Huvelle sentenced Mr. Malone to 100 months in prison and 60 months of supervision. *See* Judgment, ECF No. 154 at 2-3. Mr. Malone completed his term of imprisonment in December 2020, and his term of supervised release is projected to conclude in December 2025. *See* Gov't's Resp. Opp'n Def.'s Mot. Early Termination Supervised Release ("Gov't's Opp'n"), ECF No. 237 at 2.

### B. Procedural

On December 21, 2022, Mr. Malone filed this Motion for Reconsideration of its Decision Denying His Motion for Early Termination of Supervised Release. *See* Def.'s Mot., ECF No. 235. The Government filed its brief in opposition on March 10, 2023, *see* Gov't's Opp'n, ECF No. 237; and Mr. Malone submitted his reply brief on April 5, 2023, *see* Def.'s Reply, ECF No. 238. The motion is ripe and ready for the Court's adjudication.

### III. Legal Standard

"Unlike the Federal Rules of Civil Procedure, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for this district provide for motions for reconsideration." *United States v. Bagcho*, 227 F. Supp. 3d 28, 31 (D.D.C. 2017) (citing *United States v. Hong Vo*, 978 F. Supp. 2d 41, 47 (D.D.C. 2013); *United States v. Cabrera*, 699 F. Supp. 2d 35, 40 (D.D.C. 2010)). Nevertheless, "the Supreme Court has recognized, in dicta, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008) (citing *United States v. Dieter*, 429 U.S. 6 (1976); *United States v. Healy*, 376 U.S. 75, 80 (1964)). Accordingly, "judges in this district have assumed, without deciding, that they may consider motions for reconsideration in criminal cases." *Bagcho*, 227 F. Supp. 3d 28, 31 (citing *United States v. Hong Vo*, 978 F. Supp. 2d 41, 47 (D.D.C. 2013); *United States v. Cabrera*, 699 F. Supp. 2d 35, 40 (D.D.C. 2010); *United States v. Cooper*, 947 F. Supp. 2d 108, 109 (D.D.C. 2013)).

"Judges in this district have applied the standard contained in Rule 59(e) of the Federal Rules of Civil Procedure to motions for reconsideration of final orders in criminal cases." *Hong Vo*, 978 F. Supp. 2d at 47 (citing *Cabrera*, 699 F. Supp. 2d at 40; *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006)). Nevertheless, motions for reconsideration "are

disfavored" and "granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). To prevail, the movant "must demonstrate that (1) there has been an intervening change in controlling law; (2) there is new evidence; or (3) there is a need to correct clear error or prevent manifest injustice." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (citing *Libby*, 429 F. Supp. 2d at 47); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The movant "may not use Rule 59(e) either to repeat unsuccessful arguments or to assert new but previously available arguments." *Smith v. Lynch*, 115 F. Supp. 3d 5, 11 (D.D.C. 2015) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## IV.  Analysis

Mr. Malone moves the Court to reconsider its denial of his Motion for Early Termination of Supervised Release. *See* Def.'s Mot., ECF No. 235 at 1-2. For the reasons that follow, the Court **DENIES** this motion.

Pursuant to 21 U.S.C. § 841(b)(1)(B), a court must impose a minimum of four years of supervised release for a conviction involving 100 grams or more of heroin and 500 grams or more of cocaine. *See* 21 U.S.C. § 841(b)(1)(B). A defendant may seek relief under 18 U.S.C. § 3583(e)(1), which authorizes a court to

4

terminate a mandatory term of supervised release "at any time after the expiration of one year of supervised release" after considering: whether the factors set forth in 18 U.S.C. § 3553(a) are met and whether release "is warranted by the conduct of the defendant released and the interest of justice." *United States v. Harris*, 258 F. Supp. 3d 137, 142 (D.D.C. 2017) (internal quotation marks omitted) (quoting 18 U.S.C. § 3583(e)(1)). Those 18 U.S.C. § 3553(a) factors include: "(1) the nature and circumstances of the offense and defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense." *United States v. Kaplan*, No. CR 14-226 (BAH), 2021 WL 4521041, at *2 (D.D.C. Oct. 4, 2021) (citing 18 U.S.C. § 3583(e)).

Mr. Malone asserts that the Court "reach[ed] an incorrect conclusion as a matter of law" regarding his eligibility for early termination of supervised release. Def.'s Mot., ECF No. 235 at 1. He argues that recent caselaw confirms that the Court

5

has discretion to modify a statutorily mandated term of supervised release. *Id.* (citing *Harris*, 258 F. Supp. 3d at 142-43; *United States v. King*, No. 03-cr-249, 2019 WL 415818, at *4 (D.D.C. Feb. 1, 2019); *United States v. Wesley*, 311 F. Supp. 3d 77, 79 n.1 (D.D.C. 2018)). He further argues that he did not need to show any "extraordinary or unusual conduct" during supervised release and that he satisfies all the criteria for early termination. *Id.* at 2 (citing *Harris*, 258 F. Supp. 3d at 148-50).

The Government opposes Mr. Malone's motion. *See* Gov't's Opp'n, No. 237. Citing *Harris*, the Government contends that Mr. Malone's "burden in moving for early termination of supervised release is high" to avoid the filing of repeated motions asking the Court to reassess the Section 3553(a) factors. *Id.* at 2 (citing *Harris*, 258 F. Supp. 3d at 149). The Government argues that Mr. Malone has not met his burden because "the only 3553(a) factor presented is an assertion, absent any documentation or supporting explanation, that supervision unduly delays his requests for 'approved domestic travel' in connection with his profession." *Id.* at 3.

In his reply briefing, Mr. Malone asserts that he "has far exceeded simply meeting" the Section 3553(a) factors. Def.'s Reply, ECF No. 238 at 3. Without citing any of those factors, he states that: his community welcomed him back during supervised

6

release; he has performed a substantial portion of his required community service hours; he has mentored youth in the Washington, D.C. area; he has spoken to basketball teams at various colleges about his experience; and he co-founded a company, CampusVR. *See id.* He emphasizes that he seeks early termination "main[ly]" to travel to make presentations to prospective clients for CampusVR. *Id.*

The Court first clarifies for Mr. Malone its earlier order denying his motion for early termination of supervised release. There, the Court held that Mr. Malone "is ineligible for a . . . reduction of his term of supervised release" because "he ha[d] not begun his term of supervised release." Minute Order (Nov. 13, 2020) (citing Probation Mem., ECF No. 232 at 2); *see also* 18 U.S.C. § 3583(e)(1). Because Mr. Malone did not meet the necessary condition for early termination pursuant to 18 U.S.C. § 3583(e)(1), the Court concludes that it correctly denied Mr. Malone's motion.

The Court further concludes that Mr. Malone is still ineligible for early termination of supervised release. Contrary to the Government's assertion, *see* Gov't's Opp'n, ECF No. 237 at 2; Section 3583(e)(1) does not present an insurmountable burden to early termination. *See Harris*, 258 F. Supp. 3d at 150 ("Indeed, § 3583(e)(1) invites flexible reexamination of the continued need for supervised release 'at any time' after one

7

year of supervision has lapsed."). However, Section 3583(e)(1) still requires consideration of the Section 3553(a) factors. *See* 18 U.S.C. § 3583(e)(1). Mr. Malone does not explain how he satisfies any of those factors in his briefing. *See generally* Def.'s Mot., ECF No. 235; Def.'s Reply, ECF No. 238. Accordingly, the Court concludes that early termination of supervised release is not warranted and **DENIES** Mr. Malone's motion. To the extent Mr. Malone seeks to travel, he can file an appropriate motion with the Court.

**V.   Conclusion and Order**

For the reasons set forth above, it is hereby

**ORDERED** that Mr. Malone's Motion for Reconsideration of its Decision Denying His Motion for Early Termination of Supervised Release, ECF No. 235, is **DENIED.**

**SO ORDERED.**

**Signed:**     **Emmet G. Sullivan**
               **United States District Judge**
               **September 8, 2023**